More Copies Gotten Above



# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS  AUSTIN 11, TEXAS
~~XXXXXXXXXXXXXXXXXXXX~~XXXX
ATTORNEY GENERAL.

Honorable F. M. Law
President, Board of Directors
Agricultural & Mechanical College of Texas
College Station, Texas

Dear Sir:

Opinion No. 0-5810
Re: Validity under Nepotism Stat-
ute (Art. 432, Penal Code) of
Ch. 3, Sec. 2 of Rules and Regu-
lations of A. & M. College.

We acknowledge receipt of your letter of January 14, 1944, enclosing copy of Chapter 3, Section 2 of the Rules and Regulations of A. & M. College, recently adopted by the Board of Directors. The enclosure reads as follows:

"Chapter III, Section 2. Appointment of Relatives.

"Whenever an appointment is made either on a full-time or a part-time basis, it shall be made solely with regard to ability and fitness of the appointee subject to Penal Code 1925, Articles 432, 433, 434, 435, 437, and the Revised Civil Statutes of 1925, Article 5996, and amendments thereto, and any other applicable law. Relatives of any person in anywise connected with their employment or supervision shall not be employed by the College. Relative in the following paragraphs is defined as a person related within the second degree of affinity and third degree of consanguinity, according to common law. According to common law, the first degree of consanguinity would be father, son or brother; the second degree grandfather, grandson, uncle, first cousin or nephew; the third degree great-grandfather, great-grandson, great-uncle, great-uncle's son, second cousin, son of first cousin, son of nephew or brother's grandson. Degrees of affinity are computed in the same manner.

"a. No relative of a member of the Board of Directors, President, Vice-president, Presidential assistants, Deans, Directors, Business Manager, or Heads of Departments of the College will be considered for appointment, except that such relatives will be considered for reappointment when the original appointment was antecedent to passage of the pertinent statute in question, or to assuming a position listed above, or to membership on the Board of Direct-

"b. No person shall be initially appointed even temporarily when a relative on the College Staff must act in some official capacity on the appointment.

"c. Relationship brought about by marriage after appointment is no bar to continuance of employment, but no person shall be initially appointed whose husband or wife is employed by the College.

"d. Relationship shall not bar appointment to an honorary non-remuneration position."

Your question is as follows:

"Will your Department kindly advise if this chapter as written is legal in every respect and, if you find that it is not legal in every respect, will you kindly advise us in what respects it is not legal?"

The Statute involved is Article 432, Vernon's Annotated Penal Code, which reads as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, District, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

Article 433, Vernon's Annotated Penal Code extends the provisions of the above article to "officers and members of boards of managers of the State University and of its several branches."

In passing on your resolution, we make a distinction between declarations of policy and statements of law. Your regulation in some respects is broader than the nepotism statute above quoted, and to that extent it is a declaration of policy. There is nothing legally objectionable to such declarations of policy on behalf of your Board of Directors.

The last sentence of the first paragraph of Section 2 copied above should be eliminated and the following paragraph substituted in lieu of it:

"According to common law, the first degree of consanguinity would be father, mother, sister, brother, daughter or son; the second degree, uncle, aunt, niece, nephew, grandson, granddaughter, grandfather, grandmother and first cousin; the third degree great-uncle, great-aunt, great-niece, great-nephew, great-grandson, great-granddaughter, great-grandfather, great-grandmother and second cousin. Degrees of affinity are computed in the same manner."

Subsection (a) of Section 2 is a declaration of policy and is not legally objectionable except in so far as it authorizes reappointments of persons related in the prohibited degree to members of the Board of Directors. We suggest that the exception in this paragraph be amended by inserting after the word "relatives" the following: "other than those who are related to any members of the Board of Directors within either of the degrees named in Article 432 of the Penal Code."

The same provision, just quoted, should be inserted after the word "employment" in subsection (c).

When the prohibited relationship first comes into existence after the contract of employment has been entered into, the existing contract is not affected but any reappointments or new contracts thereafter are prohibited. See our Opinion No. 0-1408, a copy of which is attached.

There is nothing in the Appropriation Bill for Educational Institutions for the biennium which ends August 31, 1945, which prohibits the employment of both husband and wife. A. & M. College is not affected by Section 21 of the Departmental Appropriations Bill which prohibits the employment of both husband and wife in "those departments named in this act and the Soil Conservation Board." See Opinion No. 0-5536, approved August 21, 1943, copy of which is attached hereto.

Trusting that the foregoing answers your inquiry, we are

Approved FEB 25, 1944    Yours very truly

/s/ Grover Sellers     ATTORNEY GENERAL OF TEXAS
Attorney General of Texas

            /s/ Fagan Dickson
            By   Fagan Dickson
                 Assistant

FD:BT/cm       APPROVED OPINION COMMITTEE
            By /s/ BWB
               Chairman